IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

ISI BRANDS, INC.

      Plaintiff,                           No.: 03 CV 1605 (ADS)

v.                                       Judge Arthur D. Spatt

KCC INTERNATIONAL, INC. n/k/a
LIVING FUEL, INC.,

      Defendant.
_____/

## MOTION TO DISMISS FOR IMPROPER VENUE AND
## LACK OF PERSONAL JURISDICTION AND MEMORANDUM IN SUPPORT

Defendant, KCC International, Inc., n/k/a Living Fuel, Inc. ("Living Fuel"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 12(b)(2) and Fed. R. Civ. P. 12(b)(3) files this motion to dismiss the Amended Complaint filed by Plaintiff, ISI Brands, Inc., ("ISI"), or in the alternative for a venue transfer, and states:

      1.      On April 2, 2003, Plaintiff's claimed predecessor in interest, Twin Laboratories, Inc., a corporation with its principal place of business in New York, filed a seven (7) count Complaint against Defendant.

      2.      In 2003, the Plaintiff, Twin Laboratories, Inc., filed for Chapter 7 bankruptcy protection and this matter was stayed. On information and belief Plaintiff ISI purchased most of the assets of Twin Laboratories, Inc. as of December 2004.

      3.      Plaintiff ISI alleges infringement of federally registered trademarks, state law unfair competition and deceptive trade practices.

      4.      The Plaintiff alleges that it is a Michigan corporation with a principal place of business at 632 Broadway, 11th Floor, New York, New York 10012. (Amended Complaint, ¶ 1).

Plaintiff is not licensed to do business in the State of New York, however. (*See* Affidavit of Terri Kneiblher, attached hereto as Exhibit "A").

5. The Plaintiff alleges that Defendant, Living Fuel, is a Florida corporation, with a principle place of business at 5660 West Cypress Street, Suite G, Tampa, FL 33607. (Amended Complaint, ¶ 2).

6. Plaintiff alleges Defendant is subject to jurisdiction and venue in the Eastern District of New York pursuant to Fed. R. Civ. P. 4. (Amended Complaint, ¶ 2).

7. In a case arising under federal law that does not provide for service of process on a party outside the state, the issue of personal jurisdiction must be determined according to the laws of the forum state. *See, Starmedia Network, Inc., v. Star Media, Inc.*, 2001 WL 417118 (S.D.N.Y. 2001).

8. Plaintiff's Amended Complaint alleges a basis for the Court's personal jurisdiction over Defendant, Living Fuel, pursuant to New York state law. (Amended Complaint, ¶¶ 3-5).

9. It is well-established that on a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction the Plaintiff bears the burden of establishing that the court has jurisdiction over the defendant. *Starmedia, 2001 WL 417118, quoting Bank of Brussels Lambert v. Fiddler Gonzalez & Rodriquez*, 171 F. 3d 779 (2d Cir. 1990).

10. The Plaintiff alleges venue is proper pursuant to 28 U.S.C. §1391. (Amended Complaint, ¶ 6).

11. 28 U.S.C. § 1391 provides:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial

> district in which a <u>substantial part of the events or omissions</u> giving rise to the claim occurred...
> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. (Emphasis added).

12. Plaintiff has alleged a basis for this Court's personal jurisdiction over Defendant, Living Fuel, by claiming that "Defendant regularly does or solicits business, or engages in a persistent course of conduct, or derives substantial revenue from goods used or consumed . . . in the State. . . ." (Amended Complaint, ¶ 5).

13. The Defendant resides in the United States District Court for the Middle District of Florida.

14. Living Fuel sells products under the "Living Fuel" name, primarily via its internet web site.

15. Living Fuel maintains its website in Tampa, Florida.

16. Living Fuel fulfills orders obtained over the internet or telephonically from Florida.

17. Living Fuel does not maintain offices, telephones, or sales personnel in New York, and it does not pay New York taxes.

18. Requiring Living Fuel to litigate this case in New York would be a severe hardship on the company, and prejudice its ability to defend itself. (*See* Affidavit of K.C. Craichy, attached hereto as Exhibit "B").

19. Generally, a non-domiciliary is subject to the jurisdiction of a New York court if it has engaged in some purposeful activity within the State and there is a substantial relationship between this activity and the Plaintiff's cause of action. *See, Armouth International, Inc., v. Haband Company, Inc.*, 277 A.D.2d 189 (N.Y. App. Div. 2000)(fact that defendant maintained

internet retail website did not establish substantial relationship between activity and Plaintiff's breach of contract claim).

20. In the alternative, Defendant states that the present venue is a *forum non conveniens*, and the case should be transferred to the Middle District of Florida pursuant to 28 U.S.C. § 1404(a). *See Hernandez v. Graebel Van Lines*, 761 F.Supp. 983 (E.D.N.Y. 1991).

21. Transfer of venue will serve the interests of justice because witnesses are located in Florida, and litigating this case in New York would work a severe financial hardship on Defendant. (*See* Affidavit of K.C. Craichy).

**WHEREFORE**, Defendant, Living Fuel, Inc., requests entry of an Order of this Court dismissing the Amended Complaint, or in the alternative, transferring the case to the Middle District of Florida, and for such other relief as this Court deems just and proper.

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**</u>

**I.     This Court Does Not Have Personal Jurisdiction Over Defendant Because The Plaintiff Does Not Have Sufficient Contacts With New York, And Plaintiff Does Not Have A Principal Place Of Business In New York.**

It is well established that on a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, "the Plaintiff bears the burden of establishing that the court has jurisdiction over the defendant". *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 171 F. 3d 779 (2nd Cir. 1999). In diversity or federal question cases the court must look first to the long-arm statute of the forum state. In this instance, New York. *Bensusan Restaurant Corporation v. King*, 126 F.3d 25 (2d Cir. 1997). If the exercise of jurisdiction is appropriate under the statute, the court must then decide whether such exercise comports with the requisites of due process. *King*, 126 F.3d at 27; and *Bank Brussels Lambert v. Fiddler Gonzalez & Rodriguez*, 305 F.3d 120 (2d Cir. 2002).

Plaintiff in the instant case alleges that Fed. R. Civ. P. 4 establishes jurisdiction and venue over Defendant. (Amended Complaint, ¶ 6). Plaintiff is presumably referencing Fed. R. Civ. P. 4(k), which states in part:

> (k)  Territorial Limits of Effective Service.
> (1) Service of a summons or filing a waiver of service is effective to establish jurisdiction over the person of a defendant
>> (A) who could be subjected to the jurisdiction of a court of general jurisdiction in the state in which the district court is located, or…
>> (D) when authorized by a statute of the United States.

The facts of the instant case are not applicable to the provisions of Fed. R. Civ. P. 4(k). There is no authorization under the Trademark Act of 1946, 15 U.S.C. §1051, et. seq. establishing personal jurisdiction over a defendant. In an effort to correct deficiencies in its initial Complaint, Plaintiff offers new paragraphs 3, 4, and 5 to bootstrap in jurisdiction over Defendant. These paragraphs essentially track the language of the New York Long Arm Statute in an attempt to establish jurisdiction under all three bases in hopes this Court will find jurisdiction under one of them. Interestingly, Plaintiff prefaces all three allegations with the statement "upon information and belief".

Since Defendant's original motion to dismiss was filed, the New York courts have become much more liberal in their interpretation of doing business in New York via the World Wide Web to include sales made over the internet. However, in the reported cases, New York courts have been acting to protect New York corporations. That is not the case here. Plaintiff is neither a New York corporation, nor a foreign corporation authorized to do business in New York. New York law requires that a foreign corporation register with the Secretary of State prior to doing business in New York, and more pertinent here, a foreign corporation shall not maintain

5

any action in New York until it so registers and pays all applicable penalties and interest charges related thereto. N.Y. Bus. Corp. Law §1312 ("the door closing statute") After extensive investigation into ISI Brands' alleged presence in New York, the Defendant has found that ISI Brands is not registered with the New York Secretary of State to do business in New York, and it's claimed principal place of business in New York has no obtainable listed phone number. Indeed, ISI Brands does not appear to have any business interests in New York, and another business claims the same address as that claimed by Plaintiff. (*See* Affidavit of Terri Kneiblher).

Accordingly, Plaintiff does not have a basis to bring suit in this court.

**II.     Without Personal Jurisdiction Over This Corporate Defendant, Venue Is Also Improper.**

Plaintiff's Amended Complaint alleges venue is proper pursuant to 28 U.S.C. §1391 which provides:

> §1391. Venue generally
> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred…
> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

Plaintiff has alleged, but not substantiated, that a substantial part of the events or omissions giving rise to the claim occurred in New York. (Amended Complaint, ¶ 20). The Defendant is a corporation existing under the laws of the State of Florida. As such, the Defendant resides in Florida. Because this Court does not have personal jurisdiction over the Defendant, venue is not proper under 28 U.S.C. §1391(c). The Defendant's corporation does not reside in the Eastern District of New York. The Defendant resides in the Middle District of

Florida, and as such, venue is only proper in the Middle District of Florida pursuant to 28 U.S.C. §1391(b)(1) and 28 U.S.C. §1391(c).

### III. In the Alternative, A Venue Transfer To The Middle District Of Florida Is Appropriate.

If the Court does not grant the Motion to Dismiss, Defendant requests alternative relief of transfer of venue pursuant to 28 U.S.C. §1404(a) which provides:

> §1404. Change of Venue
> (a) For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

The Eastern District of New York is not the proper venue for this action. This Court should dismiss this action or, in the alternative, transfer it to the Middle District of Florida. "Once an objection to venue has been raised, the plaintiff bears the burden of establishing that venue is proper." *Bassili v. Chu*, 242 F.Supp.2d 223, 231 (W.D.N.Y. 2002). Plaintiff can not meet that burden. It is appropriate to transfer venue to the Middle District of Florida, because this case might have been brought in Florida as Florida is the domicile of the defendant corporation. (*See* Affidavit of K.C. Craichy).

Like the plaintiff in *Bassili*, Plaintiff here has established a fairly tenuous claim, if any, to personal jurisdiction in New York. With the Plaintiff being located in Michigan, nothing ties this case to New York any more than to any other state in the country.

In evaluating a motion to transfer venue, New York courts have looked to several factors. The first question is whether the action could have been brought in the other forum. As Defendant is a Florida corporation formed and operated in Tampa, Florida, it is subject to suit in the Middle District of Florida. The next step is determining whether a transfer of venue would serve the interests of convenience and fairness. New York courts have weighed several factors,

7

including (1) convenience of the parties; (2) convenience of witnesses; (3) relative means of the parties; (4) locus of operative facts and relative ease of access to sources of proof; (5) the availability of process to compel attendance of witnesses; (6) Plaintiff's choice of forum; (7) the forum's familiarity with the governing law; and (8) trial efficiency and the interests of justice based on the totality of the circumstances. *Mattel, Inc. v. Procount Business Services, et al*, 2004 WL 502190, *3 (S.D.N.Y. 2004); *Bassili v. Chu*, 242 F.Supp.2d 223, 231 (W.D.N.Y. 2002); *see also Hernandez v. Graebel Van Lines*, 761 F.Supp. 983, 987 (E.D.N.Y. 1991).

As for factors one, two and five, no party or witness is located in New York. Defendant and all of Defendant's witnesses are located in Florida. Like the plaintiff in *Mattel, Inc.*, Plaintiff is not organized under the laws of New York, nor does not have its place of business in New York. *Mattel, Inc.* at *1 (motion to transfer venue granted in case alleging infringement by internet web-site). Plaintiff is located in Michigan and has not identified any witnesses in New York. These two factors would point to Florida. As for the third factor, it would be a great hardship on the Defendant to have to defend this case in New York. Living Fuel has four employees, all of whom are located in Tampa.

As for the locus of operative facts and relative ease of access, when the alleged infringing marks are shown on a web site, New York courts have held that "the tort is committed where the web site is created and/or maintained." *Telebyte, Inc. v. Kendaco, Inc.*, 105 F. Supp. 2d 131 (E.D.N.Y. 2000) (case dismissed for lack of personal jurisdiction over defendant with Washington web site that did not have sales in New York). Here, it is uncontroverted that the web site was created in Florida and is maintained in Florida. Thus, the place where the operative facts occurred is Florida. The need for process to compel attendance is not apparent at this time, so this factor would be neutral.

While weight is generally accorded to the Plaintiff's choice of forum, that should not be the case here. Courts have noted that import of Plaintiff's choice diminishes where "it has not chosen the forum in which it resides" *Mattel, Inc. v. Procount Business Services, et al*, 2004 WL 502190 (S.D.N.Y. 2004)(transferring action to California) and "where the operative facts upon which the litigation is based bear little connection to the chosen forum." *Foot Locker Retail, Inc. v. SBH, Inc.*, 2005 WL 91306 (S.D.N.Y. 2005) (denying motion to transfer venue because much of the misconduct cited as the basis for the complaint was either directed at New York or took place in New York). Here Plaintiff has made no allegations that make the New York courts a better forum than any other court in the nation. Plaintiff does not allege any activity that targeted New York residents any more so than residents of any other state. Most importantly, Plaintiff does not have a place of business in New York, and is not licensed to do business in New York. Therefore, little weight if any should be accorded to Plaintiff's choice of forum.

As for familiarity with the law, the primary basis of the Plaintiff's complaint is the federal claim of infringement, and that federal claim can as easily be heard by the Florida court. The claims under New York state law would fail given Plaintiff's failure to register with that state. Moreover, virtually identical state laws exist in Florida. This factor would also point to Florida as the more appropriate forum.

Therefore, the proper forum for this case is Florida, not New York.

## **CONCLUSION**

Plaintiff has failed to allege necessary facts to support personal jurisdiction over Defendant, or to establish venue with this Court. Moreover, the Plaintiff does not have a principal place of business in New York, and is not licensed to do business in New York, and therefore has no basis to bring this action in New York. Alternatively, the doctrine of *forum non*

*conveniens* supports transferring this matter to the Middle District of Florida, where the Defendant resides.

>Respectfully submitted,
>
>BUSH GRAZIANO & RICE, P.A.
>
>_____
>Dominick J. Graziano (DG-3752)
>Florida Bar No. 831270
>100 South Ashley Drive, Suite 2100
>Tampa, Florida 33602
>(813) 228-7000, (813) 273-0091 (Fax)
>E-mail: dgraziano@bgrtriallaw.com
>Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to **Chester Rothstein, Esq. and Holly Pekowsky, Esq.,** AMSTER ROTHSTEIN & EBENSTEIN, LLP, 90 Park Avenue, New York, NY 10016, by U.S. mail, this 20th day of March, 2006.

_____
Attorney